**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5010**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

DANIEL LENIX CARLISLE,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (7:08-cr-00053-BO-1)

Submitted:  May 28, 2009              Decided:  June 15, 2009

Before NIEMEYER, KING, and AGEE, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Anne Margaret Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel Lenix Carlisle pled guilty to receipt of child pornography. In his plea agreement, Carlisle agreed

> to waive knowingly and expressly all rights . . . to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing.

Carlisle was sentenced within his advisory Guideline range to 121 months in prison.

He now appeals. Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), contending that Carlisle's sentence is unreasonable. Carlisle was advised of his right to file a pro se brief, but did not file such a brief. The United States moves to dismiss the appeal based on Carlisle's appellate waiver. We affirm in part and dismiss in part.

A defendant may waive his right to appeal if the waiver is knowing and intelligent. United States v. Amaya-Portillo, 423 F.3d 427, 430 (4th Cir. 2005). Generally, if the district court specifically questions the defendant about the waiver during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells, 936 F.2d

165, 167-68 (4th Cir. 1991). We review de novo the validity of an appellate waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).

At his Rule 11 hearing, Carlisle informed the court that he was sixty years old and had a high school education. He expressed satisfaction with his lawyer's services. Carlisle represented to the court that he had voluntarily entered into the plea agreement with a full understanding of its provisions. The court summarized the terms of the agreement, including the waiver provision. We conclude that Carlisle knowingly and intelligently waived the right to appeal his sentence, which was within his advisory Guideline range of 97-121 months. Further, the issue raised on appeal falls within the scope of the waiver. We therefore grant the motion to dismiss the appeal with respect to Carlisle's sentence.

Carlisle's waiver does not preclude correction of any errors in his conviction. In this regard, we have reviewed the entire record for any meritorious issues and have found none. In particular, we note that Carlisle's plea was entered with a full understanding of its consequences, there was a factual basis for the plea, and the district court complied with Fed. R. Crim. P. 11. We therefore affirm his conviction.

This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy of the motion was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>